**Fred J. Schock, Appellant, v. Illinois Bell Telephone Company, Appellee.**

**Gen. No. 9,972.**

Opinion filed September 19, 1944.
Rehearing denied December 12, 1944. Released for publication
January 9, 1945.

HEALY, BEVERLY & FUNK, and H. WHEELER BRITTAIN, both of Elgin, for appellant; PAUL G. FUNK, and H. WHEELER BRITTAIN, both of Elgin, of counsel.

ALSCHULER, PUTNAM, JOHNSON & RUDDY, of Aurora, and SIDLEY, McPHERSON, AUSTIN & BURGESS, of Chicago, for appellee; RALPH F. HIMMELHOCH, GEORGE RAGLAND, JR., both of Chicago, and GLENN T. JOHNSON, of Aurora, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

On May 28, 1943, Fred J. Schock filed an amended complaint in the circuit court of Kane county, Illinois, against August Henk, the Illinois Bell Telephone Company, a corporation and the National Tea Company for a mandatory injunction, requiring the reconstruction of a party wall, and other relief. The complaint alleges that Fred J. Schock and the defendant, August Henk, had been tenants in common of a certain piece of land known as Tract A; that by a partition suit Schock became the owner in fee simple of all of Tract A; that August Henk was the owner in fee simple of Tract B, which was immediately east of Tract A; that in 1925, August Henk, owner of Tract B and Christian C. Wendt, the former owner of Tract A, entered into a party wall agreement whereby a 12-inch wall should be built between the two lots. The center line of the wall would be the property line between the two lots; that said party wall agreement consisted of a contract between the parties, which runs with the land; that the plaintiff, Schock, started to build a new building on Tract A, and was prevented from doing

so by August Henk who claimed the new building was not in compliance with the ordinances of the City of Dundee, where the lots were located; that there is a two-story brick building erected on Tract B and that Schock for the first time, discovered that the wall erected on the line between the lots was a 12-inch wall, which extended only to the first story of the building on Tract B and from thereon, it was an 8-inch wall; that Henk deceived Schock into believing that this was a 12-inch wall; that Henk violated the party wall agreement by erecting windows in the second story of the building.

The complaint further charges that the Illinois Bell Telephone Company, a corporation, and the National Tea Company, a corporation, have, or claim to have some right, interest or title to Tract B, as tenants in possession, or otherwise, the exact nature of which is unknown to the plaintiff; that the plaintiff has no remedy at law for relief from the oppression complained of.

The prayer of the petition is as follows: "Plaintiff prays that it may be found and decreed that said party wall agreement is valid and is in full force and effect, that it is a covenant running with the title to Tract A, and that plaintiff, as owner of Tract A, is entitled to the benefits thereof; and prays further that it may be found and decreed that plaintiff, as owner of Tract A, is entitled to have and demand of Henk a solid 12-inch wall, constructed in compliance with said ordinance, for the entire length and height of said building on Tract B, the center line of which wall shall be the east line of Tract A, to be used by plaintiff and the owners of Tract A, in common with Henk and the owners of Tract B, as a party wall under said party wall agreement; further prays that Henk may be required by the mandatory injunction and decree of court to immediately cause said party wall to be reconstructed and widened on the easterly side thereof

wherever necessary to make the same a solid and substantial twelve inch wall for the entire length and height of said building on Tract B, and to close and brick in the windows and openings in said wall, at his expense and in compliance and conformity with the said ordinance, and that in the event of failure of Henk so to do within a short day to be fixed by the court, that plaintiff be authorized and empowered to take such action, and to engage and use such labor and materials as may be necessary to cause such wall to be so constructed and widened, and to cause such windows and openings to be closed, all at the expense of Henk, and that for such purposes plaintiff be authorized and empowered to enter upon Tract B and upon and into the building thereon, and to make such alterations and changes thereon and therein as may be necessary for such purposes; further prays that Henk and the owner or owners of Tract B may be perpetually restrained and enjoined from in any wise interfering with or molesting plaintiff, or the owner or owners of Tract A, from using said wall as it now stands, or as reconstructed pursuant to the decree of this court, in connection with any building or structure erected or to be erected upon Tract A.''

The petition was verified and a copy of the party wall agreement was attached to and made a part of the complaint. Henk filed an answer to the amended complaint and admitted most of the allegations of the same, but he denied that he either in fact or by implication deceived the plaintiff in any way in regard to the true nature of the party wall and that Schock could readily have ascertained the real condition if he had used ordinary care in the examination of the premises.

The Illinois Bell Telephone Company filed an answer to the amended complaint, and denied that the plaintiff is the owner of Tract A and that plaintiff is in exclusive possession or otherwise. The defendant admits that Henk is owner of Tract B and alleges that he is also

a part owner of a portion of Tract A. It denied that there was a party wall agreement entered into between Henk and Wendt, and charges if there was such an agreement that the same is illegal and void. The defendant denies practically every allegation in the plaintiff's amended complaint.

The answer admits that the Bell Telephone Company has a right, title and interest in part of Tract B as tenant in possession, and alleges it has the right, title and interest in, and to a portion of Tract A. The said answer is verified.

The Illinois Bell Telephone Company on Feb. 11, 1944, filed a petition for an order restraining the plaintiff from doing anything which disturbs the status quo of the first proceeding. The petition alleged: "That plaintiff has filed an amended complaint and defendants Henk and Illinois Bell Telephone Company filed answers thereto prior to January 22, 1944; that the issues formed therein were on said date and still are pending and undetermined; among others, these issues are so pending: the nature, character and extent of title to the premises commonly known as 113 Main Street, West Dundee, Illinois, as well as the property immediately contiguous thereto to the west, allegedly owned by plaintiff; the ownership of said premises as well as of the premises immediately contiguous thereto to the west; whether the west wall of said premises is a party wall, and if so, what portion thereof is a party wall, and if so what rights and liabilities the parties have therein; whether or not there is any valid, subsisting party wall agreement; the true construction of ambiguous documents with respect to the true intent of the grantors and grantees therein purporting to deal with said property; whether there is any covenant running with the land, and if so, the nature, character and extent thereof; whether plaintiff has any right to close the windows and openings in the said west wall.

"That on or about January 22, 1944, during the pendency of said action, and after the aforesaid issues had been joined and were pending, plaintiff caused a structure to be erected adjacent to and touching upon the said west wall and contiguous to that portion of the premises occupied by petitioner, which structure completely closes off and covers three windows located in the west wall of the premises occupied by petitioner and said structure effectively prevents light and air from reaching said premises; that said structure serves no useful function and was constructed maliciously and without just cause and without any authority of any court, thereby disturbing the status quo in reference to the subject matter of the proceeding in contravention of principles and maxims of equity; that said structure is of such nature as to constitute a health and safety hazard to the continued operation of petitioner's business, which is a vital communication facility.

"That petitioner submits the affidavits of Liepitz, Granskog, Harris, Colburn and Himmelhoch.

"Petitioner prays for the entry of an order restraining plaintiff, his agents, servants and employees, from doing or causing to be done any act which in any manner whatsoever disturbs the status quo, and finding that plaintiff has barred himself from obtaining any aid, redress or relief, and that suit be dismissed at plaintiff's costs with prejudice."

The defendant made a motion to strike the petition filed by the telephone company and the affidavits supporting the same, as being wholly insufficient upon their face to justify the relief prayed for. This motion was overruled, and the plaintiff was allowed to file an answer. A part of the answer is as follows: Admits he has filed an amended complaint herein and that defendants Henk and Illinois Bell Telephone Company filed answers thereto prior to January 22, 1944; that he admits that the issues formed herein were on said

date and still are pending; that said issues are not fully settled and that the leave granted him to move to strike or reply to the answer of Illinois Bell Telephone Company has not yet expired; that he admits the following issues are pending:

"Whether the west wall of the premises commonly known as 113 Main Street, Dundee, is a party wall, and if so, what portion thereof is a party wall, and if so, what rights and liabilities the respective parties have therein; whether there is any valid, subsisting party wall agreement; and whether there is any covenant running with the land, and if so, the nature, character and extent thereof; that he denies that the following issues are pending:

. "The nature, character and extent of title to the premises commonly known as 113 Main Street, Dundee, as well as the property immediately contiguous thereto to the west which (as petitioner says) is allegedly owned by plaintiff; the ownership of said premises; the true construction of ambiguous documents with respect to the true intent of the grantors and grantees therein purporting to deal with the property in question; and whether plaintiff has any right to close the windows and openings in the west wall of the premises commonly known as 113 Main Street, Dundee."

The answer further admits that a structure was erected upon the roof of his building, but denies that it was done maliciously, or that it serves no useful purpose; and denies that it causes or disturbs the status quo in reference to the subject matter of this proceeding. The defendant denied that anything had been done in any way that interferes with the rights of the occupants of Tract B as the improvement is wholly upon his own property, Tract A.

After hearing the arguments of counsel for plaintiff and defendant, the court entered the following order. "It is ordered, adjudged and decreed that the plaintiff, Fred J. Schock, his agents, servants and em-

ployees, be and they are hereby restrained from doing or causing to be done any act which in any manner whatsoever disturbs the status quo, and said plaintiff, Fred J. Schock, be and he hereby is ordered to forthwith remove the obstruction heretofore built on or about January 22, 1944, and

"It is further ordered, adjudged and decreed that the petition of the Illinois Bell Telephone Company insofar as it seeks a dismissal at plaintiff's costs, with prejudice, be and it is denied."

On the same day that this order was entered, Schock made a motion to dissolve the injunction, but the court overruled said motion and the plaintiff has perfected an appeal to this court from this injunction order.

It is argued by the appellant that the property and the use thereof, was not in controversy, and it was error to require him to remove his sign and to enjoin him from changing the status quo. In its answer, the Telephone Company challenges the plaintiff's title and also challenges the validity of the party wall agreement, and the plaintiff's right to any relief in the original bill. The Illinois Bell Telephone Company was a tenant in the building and is made a party defendant to the original suit, and not only the title, but the use of the property was put in issue by the plaintiff himself. By its answer the telephone company challenged the right of the plaintiff to compel the owner of Tract B to close up the windows in the party wall and shut out the light and air from the tenant, the telephone company.

It is next insisted that the telephone company had no easement of light and air and it is error to interfere with a right, which does not exist. That is one of the questions that is raised by the plaintiff's petition in the original suit, and should be litigated in that proceeding. The same is true as to the third point which is, the plaintiff owed the telephone company no duty to keep its windows unobstructed, or any hazard to its

business caused by obstructing them, and could not form the basis for relief by injunction. These questions should both be settled in the original suit. The original petition was filed May 28, 1943, and a petition for a restraining order of the Bell Telephone Company was not filed until Feb. 11, 1944. · Why the original controversy was not disposed of up to this time, does not appear in the record.

Whether the plaintiff was motivated by malice by erecting this sign on the roof of his property, or whether he did it with good intentions, seems to us to be an immaterial issue.

It is claimed by appellant that the erection of the sign was a lawful use of the property and it is error to enjoin such use; that the possession of the property, even if the title thereto, is in dispute, should never be taken from one and given to another by a preliminary injunction; that the telephone company does not seek nor could it obtain any ultimate relief, and therefore the preliminary injunction should not have been granted. These questions should be disposed of in the original suit. The telephone company, by their answer, have put in issue appellant's right to close the windows in the wall of the building. The prayer in the amended complaint is in several alternatives, but the gist of all of them is that he be permitted to go upon Tract B and close up the windows and build an additional four-inch wall on Tract B which would be entirely upon the premises occupied by the Bell Telephone Company. Certainly the telephone company is entitled to a hearing as to whether Schock has a right to do this. What the telephone company is asking is, that Schock be restrained from doing any of these things until he has established a legal right to do so.

The trial court having examined the merits of this controversy, has decided that the injunction should issue. After an injunction has been issued, it is a rule of law that on appeal from such order granting the

injunction, the question for determination is whether the court below improperly exercised its discretionary powers in respect to issuing an injunction *pendente lite*, and unless it clearly appears that it has done so, the order should be affirmed. *Fitzgerald v. Christy*, 242 Ill. App. 353, also *West Side Hospital of Chicago v. Steele*, 124 Ill. App. 534.

It is our conclusion that the trial court properly found that the acts of the appellant was an interference to the status quo of the original proceeding, and that the injunction order was properly issued. The decree appealed from is hereby affirmed.

*Decree affirmed.*